**Rule 220.1.  Preliminary Instructions to Prospective and Selected Jurors**

(a)      For purposes of this rule, "prospective jurors" means those persons who have been chosen to be part of the panel from which the trial jurors and alternate jurors will be selected.  "Selected jurors" means those members of the panel who have been selected to serve as trial jurors or alternate jurors.  "Jury service" means service as (1) members of the jury array, (2) prospective jurors, and (3) selected jurors.

(b)      Persons reporting for jury service, upon their arrival for this service, shall be instructed in their duties.

(c)      At a minimum, the persons reporting for jury service shall be instructed that until their service as prospective or selected jurors is concluded, they shall not:

(1)      discuss any case in which they have been chosen as prospective jurors or selected jurors with others, including other jurors, except as otherwise authorized by the court;

(2)      read or listen to any news reports about any such case;

(3)      use a computer, cellular telephone, or other electronic device with communication capabilities while in attendance at trial or during deliberation. These devices may be used during breaks or recesses but may not be used to obtain or disclose information prohibited in subdivision (c)(4);

(4)      use a computer, cellular telephone, or other electronic device with communication capabilities, or any other method, to obtain or disclose information about any case in which they have been chosen as prospective or selected jurors.  Information about the case includes, but is not limited to, the following:

(i)      information about a party, witness, attorney, judge, or  court officer;

(ii)    news reports of the case;

(iii)    information collected through juror research using such devices about the facts of the case;

(iv)    information collected through juror research using such devices on any topics raised or testimony offered by any witness;

(v)    information collected through juror research using such devices on any other topic the juror might think would be helpful in deciding the case.

(d)    These instructions shall be repeated:

(1)    to the prospective jurors at the beginning of voir dire;

(2)    to the selected jurors at the commencement of the trial;

(3)    to the selected jurors prior to deliberations; and

(4)    to the selected jurors during trial as the trial judge deems appropriate.

(e)    Jurors shall be instructed that it is their obligation immediately to inform the court of any violation of this rule.

Note:  For comprehensive jury instructions on the use of electronic devices by jurors in civil cases, see Section 1.180 of the Pennsylvania Suggested Civil Jury Instructions, Pa. SSJI (Civ), § 1.180.

For guidance regarding the use of electronic devices in the courtroom by persons other than jurors, see Rule of Judicial Administration 1910.

**Rule 220.2.  Sanctions for Violation of Rule 220.1**

Any individual who violates the provisions of Rule 220.1 regarding the use of electronic devices by jurors or who violates any limitation imposed by local rule or by the trial judge regarding the prohibited use of electronic devices during court proceedings:

(a)     may be found in contempt of court and sanctioned in accordance with 42 Pa.C.S. § 4132 et seq., and

(b)     may be subject to sanctions deemed appropriate by the trial judge, including, but not limited to, the confiscation of the electronic device that is used in violation of this rule.

**Rule [220.1.]220.3. Voir Dire**

**(a)     Upon completion of the oath, the judge shall instruct the prospective jurors upon their duties and restrictions while serving as jurors, and of any sanctions for violation of those duties and restrictions, including those in Rules 220.1 and 220.2.**

**(b)**     Voir dire shall be conducted to provide the opportunity to obtain at a minimum a full description of the following information, where relevant, concerning the prospective jurors and their households:

(1)     Name;

(2)     Date and place of birth;

(3)     Residential neighborhood and zip code (not street address);

(4)     Marital status;

(5)     Nature and extent of education;

(6)     Number and ages of children;

3

(7)     Name, age and relationship of members of prospective juror's household;

(8)     Occupation and employment history of the prospective juror, the juror's spouse and children and members of the juror's household;

(9)     Involvement as a party or a witness in a civil lawsuit or a criminal case;

(10)    Relationship, friendship or association with a law enforcement officer, a lawyer or any person affiliated with the courts of any judicial district;

(11)    Relationship of the prospective juror or any member of the prospective juror's immediate family to the insurance industry, including employee, claims adjustor, investigator, agent, or stockholder in an insurance company;

(12)    Motor vehicle operation and licensure;

(13)    Physical or mental condition affecting ability to serve on a jury;

(14)    Reasons the prospective juror believes he or she cannot or should not serve as a juror;

(15)    Relationship, friendship or association with the parties, the attorneys and prospective witnesses of the particular case to be heard;

(16)    **Ability to refrain from using a computer, cellular telephone or other electronic device with communication capabilities in violation of the provisions of Rule 220.1; and**

**(17)**    Such other pertinent information as may be appropriate to the particular case to achieve a competent, fair and impartial jury.

> Note:  For example, under presently prevailing law as established by the Superior Court, *voir dire* should have been allowed with respect to the effect of pre-trial publicity on prospective jurors' "attitudes regarding medical malpractice and tort reform." *Capoferri*

4

*v. Children's Hosp. of Phila.*, 893 A.2d 133 (Pa. Super. 2006) (en banc).

**[(b)] (c)**      The court may provide for voir dire to include the use of a written questionnaire.  However, the use of a written questionnaire without the opportunity for oral examination by the court or counsel is not a sufficient voir dire.

> Note:  The parties or their attorneys may conduct the examination of the prospective jurors unless the court itself conducts the examination or otherwise directs that the examination be conducted by a court employee.  Any dispute shall be resolved by the court.
>
> A written questionnaire may be used to facilitate and expedite the voir dire examination by providing the trial judge and attorneys with basic background information about the jurors, thereby eliminating the need for many commonly asked questions.

**[(c)] (d)**      The court may permit all or part of the examination of a juror out of the presence of other jurors.

**Rule 223.1.  Conduct of the Trial.      Trial by Jury**

**(a)**      **Before the taking of evidence, the trial judge shall instruct the jurors as provided in Rule 220.1.**

**(b)**      In conducting a trial by jury, the court may use one or more of the procedures provided in subdivisions **[(b) and]** (c) **and (d)** as may be appropriate in the particular case.

> Note:  This rule catalogs certain procedures which may be utilized in the conduct of a jury trial.  Since the court has broad power and discretion in the manner in which it conducts a jury trial, it is not intended that this rule be construed as enlarging, restricting or in any way affecting that power and discretion.
>
> See Rule 223.2 for juror note taking in civil cases.

5

**[(b)] (c)**	The court may permit jurors to view a premises or a thing in or on a premises.

Note:  See Rule 219 governing view of premises.

**[(c)] (d)**	The court may

(1)	permit specified testimony to be read back to the jury upon the jury's request,

(2)	charge the jury at any time during the trial,

Note:  The court is not limited to charging the jury after the closing argument by the attorneys.

(3)	make exhibits available to the jury during its deliberations, and

(4)	make a written copy of the charge or instructions, or a portion thereof, available to the jury following the oral charge or instructions at the conclusion of evidence for use during its deliberations.